### *In re* NEWLAND AVE.

### *In re* NORTHROP.

#### (*Supreme Court, General Term, Fifth Department.*   June, 1891.)

1. EMINENT DOMAIN—OPENING STREETS—ADJOURNMENT OF COMMISSIONERS.
    Under Laws N. Y. 1886, c. 84, tit. 6, § 7, (Jamestown city charter,) which provides that the commissioners appointed to open a street may, if necessary, adjourn from day to day, an adjournment by two of the commissioners, in the absence of the third, who had been duly notified of the first meeting, is valid; the power of adjournment being in the majority of the commissioners.

2. SAME—NOTICE—DESCRIPTION OF LAND TO BE TAKEN.
    Where the notice to a land-owner of proceedings to condemn land for a street states the frontage of such owner's land on the proposed street as less than it actually is, the validity of the proceedings is not thereby affected, but no more land is acquired for the purposes of a street than is described in the notice as "proposed to be taken."

3. SAME—APPEAL FROM AWARD.
    Where the commissioners in proceedings to condemn land for a street hear no testimony as to the compensation to be paid to the owner of the land proposed to be taken, but act on a view of the premises, and on their knowledge of it and its surroundings, their determination that the benefits resulting from opening the street equal the damages sustained by reason thereof will not be disturbed.

Appeal from special term, Chautauqua county.

Proceedings for the opening of Newland avenue, in the city of Jamestown. From an order confirming the report of the commissioners appointed to assess damages, Almira E. Northrop, a land-owner, appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*A. Hazeltine,* for appellant.   *F. W. Stevens,* for respondent.

DWIGHT, P. J.   Assuming that the order of the special term was appealable to this court under the general provisions of section 1356 of the Code of Civil Procedure, which may be subject to question under the particular language of the act of incorporation of Jamestown, (Laws 1886, c. 84, tit. 6, § 7,) we find no reason to interfere with the award of the commissioners which that order confirmed.   The objection that the commissioners lost jurisdiction of the proceeding when two of their number adjourned it to another day, in the absence of the third, who had been duly notified of the first meeting, is altogether untenable.   The statute itself provides for adjournment, if necessary, from day to day, (section 7, *supra;*) and that the power of adjournment resides in the majority of any such body or board cannot be questioned.·

The objection is made that the land of the appellant which is proposed to be taken is incorrectly described in the notice by which the proceeding was

instituted; and, accordingly, that the award, in respect to the appellant, was made upon an incorrect basis. Evidence was given tending to show that the depth of the plaintiff's lot along the center line of the proposed street was either 19 or 20 feet greater than the length of the strip to be taken from her lot, as described in the notice. But apparently this objection goes to the effect, and not to the regularity or validity, of the proceeding. It will not, probably, be claimed that the city acquires title to any more land of the appellant by this proceeding than that which is described in the notice as "proposed to be taken and appropriated;" and if that description does not cover all the land which is required for the proposed improvement, further proceedings will be necessary to condemn what is lacking.

Certainly, this court will not interfere with the determination of the commissioners to the effect that the benefits of the improvement to the appellant equal or exceed the damages sustained by her by reason thereof. That determination was reached wholly upon view of the premises, and by commissioners familiar with the property and its surroundings. No testimony was taken on the hearing by them, and the only matters relied upon as impugning their judgment are statements contained in *ex parte* affidavits used in opposition to the motion to confirm their report. Those affidavits contain no suggestion of prejudice, partiality, or bad faith on the part of the commissioners, and do not make a case which would justify this court, even if it has the jurisdiction to do so, in overruling the conclusion of fact reached by the original tribunal.

Order appealed from affirmed, with $10 costs and disbursements.