HARNECK *v.* WALKER.

1. DRAINS—IRREGULARITIES NOT RAISED IN PROBATE COURT WAIVED.
   Any irregularities in proceedings for the establishment
   of a drain not raised in the proceedings before the pro-
   bate court under 1 Comp. Laws 1915, § 4884, are deemed
   to have been waived.

2. SAME — NOTICE — THAT LANDOWNER'S INTEREST WAS LARGER
   THAN INDICATED IN PETITION IMMATERIAL WHERE NOTICE WAS
   GIVEN.
      Where plaintiff, who had an undivided interest in a
      parcel of land in her own right and also as heir at law
      of her mother, had notice that said land would be affected
      by a proposed drain, it is immaterial that the petition for
      the appointment of the special commissioners and the order
      and citation which followed failed to fix her interest in
      said undivided premises as large as it should be.

3. SAME—CERTIORARI—RECORD—WAIVER.
      On certiorari to review proceedings for the establishment
      of a drain, where plaintiff's contention that he made
      objection to irregularities therein before the probate
      court and therefore did not waive them, is not sustained
      by the record, which does not contain the probate court
      proceedings, the Supreme Court is unable to make any
      finding thereon.

Error to Sanilac; Beach (Watson), J.    Submitted
April 23, 1924.    (Docket No. 120.)    Decided July
24, 1924.

Certiorari by William Harneck and others against
Bert R. Walker, drain commissioner of Sanilac county,
to set aside proceedings for the establishment of a
drain.    Judgment dismissing the writ.    Plaintiffs
bring error.    Affirmed.

*W. H. Burgess,* for appellants.

*Robert J. West,* Prosecuting Attorney, for appellee.

BIRD, J.    This proceeding in certiorari was brought against defendant to set aside certain drain proceedings taken by him to establish an 80-rod drain in Sanilac county, to be known as the "S. N. Rogers drain."    A hearing of the matter in circuit court resulted in a denial of relief and a dismissal of the writ. An application for the proposed drain was filed with the drain commissioner in June, 1918.    For reasons, which are unnecessary to relate, no action was taken thereon until about three years later.    The application was then acted upon.    When the drain proceedings had reached a certain stage, certiorari proceedings were instituted in the circuit court by plaintiffs to have the proceedings set aside on account of irregularities therein.    After examining the records of the drain commissioner the circuit court set aside all of the steps which had been taken, except the original petition and survey.    The commissioner was given permission to amend the survey and to refile it, which he did, and then the proceedings began anew.    They proceeded to the point of the finding of the special commissioners appointed by the probate court to pass upon the necessity of the drain and to fix the value of the land taken therefor.    This writ of certiorari was then taken out to have the second proceedings vacated.    The trial court was of the opinion that plaintiffs had waived their right to complain of the irregularities because they were not raised in the probate court in accordance with the italicized part of the following statutory provision:

"The court to whom such application is made shall make and examine at the time of such application all of the proceedings of the commissioners so far as had, and if such proceedings be found to be in accordance with the statute, such court shall at once appoint a

time and place of hearing upon the application, which time shall be fixed not less than fifteen nor more than forty days thereafter, and the court shall issue a citation to all persons whose lands are traversed by such drain, who have not released the right of way, and all damages on account thereof, to appear at the time and place designated in said citation, and be heard with respect to such application, if they so desire, and show cause, if any there be, why said application should not be granted, *and any error or errors that may have been made in any of the proceedings thus far had shall be raised and taken advantage of at such time and before such court, and if not so raised and taken advantage of at such time and before such court, shall be deemed to have been waived by all persons cited to appear under this notice."*   *   *   *   1 Comp. Laws 1915, § 4884.

1. We are of the opinion that the trial court was right in concluding the matter on the ground of waiver. The objections, save one, were highly technical, and should not reverse the case if the special commissioners had jurisdiction. *Dunning* v. *Drain Commissioner,* 44 Mich. 518. One objection, however, relates to the sufficiency of the application, order and citation for the appointment of special commissioners by the probate court. Inasmuch as this objection involves the taking of private property for public use, we shall give it some consideration.

At the time the original application for the drain was made and filed William Harneck, the plaintiff, was the sole owner of a parcel of land, consisting of 1½ acres. Some time after the application was filed he conveyed to Phoebe, his wife, an undivided one-fourth interest, and also an undivided one-fourth interest to his daughter, Beatrice. Subsequently and before the proceedings by the special commissioners were taken, Phoebe died, leaving her one-fourth interest to the children, three of whom were minors.

The point most stressed by plaintiffs' counsel is

that, while the application for the appointment of commissioners, order and citation which followed indicated that the interest of Beatrice Harneck as heir of her mother would be affected, she was in no wise advised that the undivided one-fourth interest which she held in her own right would be affected, and, therefore, the entire proceedings became invalid.

The 1½ acres of land which would be traversed by the drain appears to have been correctly described in the drain commissioner's petition to the probate court.    The course and route of the drain were accurately described.    It evidently appeared at the hearing before the special commissioners that the interest of Beatrice Harneck was larger in the premises than was supposed when the petition was filed.    This is shown by the apportionment of damages, which were as follows: William Harneck, one-half; Beatrice Harneck, one-fourth; Phoebe Harneck estate, one-fourth.    This is conceded to be the proper proportion in which the property was owned, but counsel argues that even though Beatrice Harneck was apportioned damages for her one-fourth interest, she was not advised by the petition, order or citation that that interest would be affected, and, therefore, the proceeding was invalid.    Had Beatrice's one-fourth interest been a separate parcel from the parcel left by her mother, in which she had an interest, there would be some force to counsel's contention.    The 1½ acres was an undivided parcel in which the several persons had an interest.    The father owned an undivided one-half interest.    Beatrice owned an undivided one-fourth, and the mother owned an undivided one-fourth. When the special commissioners acted the mother was dead.    The father, Beatrice and the children who succeeded to their mother's interest, all had notice of the proceedings to condemn a right of way across the land.    They had notice of the location and direc-

tion of the drain across their premises.    This was sufficient, although it turned out on the hearing that the interest of Beatrice was larger than was supposed when the petition was filed.    *In re Newland Ave.,* 15 N. Y. Supp. 63.    Beatrice had notice that the property in which she was interested would be affected by the drain, and she was advised just how it would be affected.    In view of this, it is not very important that the petition for the appointment of commissioners and the order and citation which followed failed to fix her interest in the undivided premises as large as it should have been.

2. Counsel insists that he did make objection to the irregularities in the proceedings before the probate court and, therefore, did not waive them.    The difficulty with this contention is that the record does not bear him out.    Had the writ of certiorari run against the probate court as well as against the drain commissioner, there would then be some record by which we could determine whether counsel is right in his contention.    His failure to have before us these records prohibits our making any finding on this question.

The judgment of the trial court is affirmed.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.