ANDRES *v.* WASHTENAW CIRCUIT JUDGE.

1. Appeal and Error—Stenographer's Certificate—Extension of Time for Settlement of Bill of Exceptions.

   Fact that jurat of affidavit, executed by stenographer of trial court, was made on 21st day after claim of appeal was filed *held*, not fatal to a party's right to appeal, where court's order extending time for settlement of bill of exceptions referred to stenographer's certificate, and the pertinent court rule does not require that the certificate be an affidavit or that it be filed but merely required that it be produced (Court Rule No. 66, § 2 [1933]).

2. Same—Perfecting Appeal—Jurisdiction.

   Under court rule providing that "every appeal to the Supreme Court shall be deemed perfected on filing a claim of appeal with the court, tribunal or officer whose action is to be reviewed," an appeal is perfected when claim of appeal is filed within the required time, both the act and time of filing being jurisdictional (Court Rule No. 56 [1933]).

3. Same—Completing Appeal—Time.

   Acts necessary to complete appeal other than timely filing of claim of appeal are not jurisdictional, but their timely performance is mandatory, in that they are requisites of appeal, and may be performed after prescribed time only on special leave of court (Court Rules Nos. 56, 66 [1933]).

4. Same—Settlement of Bill of Exceptions—Extension of Time.
   A circuit court has jurisdiction to enter an order to extend the time to settle a bill of exceptions on motion after the expiration of 20 days after claim of appeal is filed, although special leave of court would be required (Court Rule No. 66, § 2 [1933]).

5. Same—Settlement of Bill of Exceptions—Voidable Orders.
   Order extending time for settlement of bill of exceptions, entered by circuit judge, *held*, voidable, where it is not clear whether or not certificate of stenographer of trial court had been signed by the stenographer prior to the signature of the order by the court, but being merely voidable and not void, was binding on the court and the parties and must be obeyed or set aside (Court Rule No. 66, § 2 [1933]).

6. SAME—EXTENSION OF TIME FOR SETTLEMENT OF BILL OF EXCEP-
TIONS—VOIDABLE ORDER—JURISDICTION.

After court had made a voidable order extending time within
which to effect a settlement of a bill of exceptions, which order
was still in effect as no motion to set it aside had been made,
it was error for the court to refuse to sign the bill of excep-
tions during such extended time on the ground of lack of juris-
diction (Court Rule No. 66, § 2 [1933]).

7. SAME—JUDGMENT FOR PLAINTIFF FOR OVER $500—APPEAL AS OF
RIGHT.

Upon rendition of judgment for plaintiff in an action of replevin
in an amount of more than $500 over and above defendant's
award, defendant and appellant need not procure a certificate
from the trial court that the amount involved in the appeal
exceeded $500 in order to show himself entitled, on mandamus,
to an appeal as a matter of right, leave to appeal not being
required in such case (Court Rule No. 60, § 1 [d] [1933]).

Mandamus by Jacob B. Andres, sheriff of Washte-
naw county, to compel George W. Sample, Wash-
tenaw circuit judge, to set aside an order denying
settlement of a bill of exceptions. Submitted No-
vember 29, 1938. (Calendar No. 40,164.) Writ
granted February 2, 1939.

*Wilfrid L. Burke,* for plaintiff.

*Harold D. Golds,* for defendant.

McALLISTER, J.   Plaintiff herein was defendant in
a replevin suit in which judgment was entered
against him on November 13, 1937 for return of
property appraised at a value of more than $500. A
motion for new trial was filed by plaintiff which was
denied December 15, 1937. Claim of appeal was filed
December 28, 1937. Prior thereto, on December 20th,
plaintiff had ordered a transcript of the testimony
from the court stenographer, and on January 17th,
the 20th day after the filing of the claim of appeal,
the said transcript, with the exception of certain tes-
timony of a witness in another case which had been

read into the record, was delivered to plaintiff's counsel by the deputy county clerk, payment therefor having been duly made.

Plaintiff's counsel, at the time he paid for, and secured the transcript of testimony, appeared in the courtroom of the circuit judge, for the purpose of securing an extension of time in which to settle the bill of exceptions. He had with him an affidavit to be signed by the court stenographer setting forth that the transcript had been ordered on or about December 20, 1937 and that it had already been paid for and furnished. Counsel also had with him a proposed order extending the time in which to settle the bill of exceptions. On the day in question, the circuit judge was in another county trying cases, and the official court stenographer was absent from the office because of illness. Plaintiff's counsel was thereupon advised by the deputy county clerk that if counsel would leave the affidavit with such officer, it would be executed by the court stenographer and the order for extension of time would be signed by the judge as of the day of its presentment. On the evening of the same day, which was the last day on which to secure an extension of time, the circuit judge returned to his office and signed the order which had been left by plaintiff's counsel. The court order and the stenographer's affidavit were typed upon the same sheet of paper.. The order set forth:

"In this cause, upon reading the above certificate,

It is ordered that the above named defendant and appellant is allowed 40 days from January 17, 1938 to settle his bill of exceptions."

It is not clear from the record whether the affidavit was signed by the court stenographer prior to the signature of the order by the court. The recital in the court's order would indicate that it had been

signed, as it refers to "the above certificate." Whether or not it was signed and acknowledged, the jurat was not signed nor was it filed until the next day, January 18th. There is, however, no requirement that the certificate be filed. The court rule provides that the appellant "shall produce a certificate from the stenographer of the trial court." Court Rule No. 66, § 2 (1933). Appellant would lose no rights, therefore, by neglecting to file the certificate, since producing it to the court fulfilled the requirements of the rule. It was not necessary to present an affidavit, but only a certificate from the stenographer, and although such certificate was in form of an affidavit, which may not have been verified, such a variation would not be fatal to the right of a party to appeal.

On February 23, 1938, within the period allowed by such order for settlement of the bill of exceptions, it was noticed for settlement and thereafter adjourned by plaintiff herein to April 11, 1938, to which defendant herein filed objections to the settlement of the bill for the reason that the plaintiff had not secured a proper extension of time and that the court was without jurisdiction to make an order extending the time where the stenographer's certificate was not executed and filed until more than 20 days from the date of filing claim of appeal. On the filing of such objections, the circuit court entered an order refusing settlement of the bill of exceptions and holding that because the stenographer's certificate was not "signed and filed" until more than 20 days after the filing of the claim of appeal, the court lost jurisdiction to extend the time.

Under the practice prior to the court rules of 1933, the court lost jurisdiction to settle a bill of exceptions after the 20-day period.

Under Court Rule No. 56 (1933), it is provided:

"Section 1. (a) Every appeal to the Supreme Court shall be deemed perfected on filing a claim of appeal with the court, tribunal or officer whose action is to be reviewed.

"(b) When the appeal is so perfected, the Supreme Court shall have jurisdiction of the case.

"(c) No appeal, so perfected, shall be dismissed except on stipulation, on special motion and notice, or by the Supreme Court on its own motion."

In *Hoffman* v. *Security Trust Company of Detroit,* 256 Mich. 383, the court said:

"An appeal is perfected when notice of appeal is filed within the required time. Court Rules Nos. 56 and 57 (1931). Both the act and time of filing are jurisdictional. * * * The other acts necessary to complete an appeal are not jurisdictional. Court Rule No. 56 (1931). But they and the time for their performance are mandatory, in that they are requisites of an appeal and the acts may be performed after the prescribed time only on special leave of court and upon such just terms as it may impose."

The circuit court had jurisdiction to enter an order to extend the time to settle the bill of exceptions, on motion after the expiration of the 20-day period, although special leave of court would have been required. The order which was rendered therefore was not a void order but was only voidable. A party must obey a voidable order or move to have it set aside. Until the order extending time was set aside, the court as well as the parties were bound by it. If such order had been set aside, plaintiff would be entitled to move for special leave of court for an extension of time, and presumably under the circumstances such leave would have been granted by the court if it had acted in its discretion; but the court refused to sign the bill of exceptions upon objections

which did not go to its contents, mistakenly assuming that he had lost jurisdiction. It was error, therefore, for the court to hold that he had no jurisdiction to enter an order extending time.

With such a standing order in effect, the plaintiff did not need to move for special leave, nor was he in a position to do so. No motion to set the order aside was ever made and the order is still in effect. It was erroneous, therefore, for the court to refuse to sign the bill of exceptions during the time in which the order extending time was in effect.

In his answer to plaintiff's petition for a writ of mandamus, the respondent further stated that no certificate had been obtained from the trial court showing that the controversy involved more than $500 in accordance with Court Rule No. 60, § 1 (d) (1933). Plaintiff herein was defendant in a suit in which a judgment was recovered against him in replevin for property appraised at $613.08, except for a portion appraised at $102.12, for which judgment was rendered in favor of defendant. The requirement for leave to appeal, in so far as this case is concerned, applies only when there is a judgment of $500 or less, or a judgment is rendered for the defendant. In effect, the judgment was for plaintiff in replevin in an amount of more than $500 over and above defendant's award. Under these circumstances, plaintiff was not required to secure a certificate from the trial court that the amount involved in the appeal exceeded $500.

The writ of mandamus to set aside the order denying settlement of the bill of exceptions is granted, with costs to plaintiff, and the trial court is directed to sign a bill of exceptions on notice and settlement thereof.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.