*In re* LAMPSON-RUN & McILWAIN DRAINS.

BOYD *v.* DEPARTMENT OF AGRICULTURE.

1. DRAINS—INTERCOUNTY BOARD—JURISDICTION—FILING PROOF OF
SERVICE OF NOTICE OF MEETINGS.

Failure to file proof of service of notice of meetings of inter-
county drainage board, including the meeting to determine the
necessity for extension of previously-constructed drain, did not
deprive the board of jurisdiction, where it is not shown that
those who were entitled to notice did not receive it, since it is
the petition for such extension which gives the board juris-
diction, subsequent irregularities being of more or less im-
portance according to the extent of the injury therefrom (CL
1948, § 267.2).

2. SAME—INTERCOUNTY DRAINS—CORRECTION OF ERRORS.

Errors not affecting the jurisdiction of an intercounty drainage
board may be corrected and subsequent proceedings had as
as though no error had been made (CL 1948, §§ 266.11, 267.2).

3. SAME—INTERCOUNTY DRAINS—CORRECTION OF ERRORS.

The correction of the failure to file proof of service of notice of
meetings of intercounty drainage board after writ of certiorari
was issued but before return was filed thereon corrected such
error and rendered it unnecessary to send the case back for
ordered corrections (CL 1948, §§ 266.11, 267.2).

4. SAME—INTERCOUNTY DRAINS—FILING OF CERTIFIED COPIES—
STATUTES.

The filing of certified copies of all papers in secondary inter-
county drainage proceedings instituted for purpose of cleaning

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Drains and Sewers §§ 35, 36.
[1] Sufficiency of statutory provisions for notice and hearing in
drainage proceedings.   84 ALR 1098; 145 ALR 1196.
[5] Generally as to notice by publication, see 39 Am Jur, Notice
and Notices §§ 21, 30.
[6] 14 Am Jur, Costs § 91.

out and extending drain in other counties than that in which the drain commissioner first had proceedings pending before him after petition for certiorari had been filed, which delay does not appear to have resulted in harm to plaintiffs, did not invalidate such drain proceedings, where statute does not precisely fix the time for delivery of certified copies (CL 1948, §§ 265.13, 266.11, 267.2).

5. SAME — PUBLICATION OF NOTICE OF MEETINGS — NEWSPAPERS — STATUTES.

Publication of statutory notice of meeting of intercounty drainage board was not invalid because in 1 county it was published in one newspaper 1 week and another newspaper the next week, where both newspapers were qualified to publish such notice (CL 1948, §§ 263.6, 691.611 et seq.).

6. COSTS—PUBLIC QUESTION—VALIDITY OF INTERCOUNTY DRAIN.

No costs are allowed in action to determine validity of intercounty drain proceedings to clean out and extend a previously-constructed drain, a question of public interest being involved (CL 1948, § 267.2).

Appeal from Ingham; Hayden (Charles H.), J. Submitted October 4, 1951. (Docket No. 44, Calendar No. 45,136.) Decided March 6, 1952.

Certiorari by Clifford Boyd and another against John Hudson, Chief of Drainage, Department of Agriculture, and others to review proceedings in the Lampson-Run and McIlwain Extension Drains located in Calhoun, Jackson and Hillsdale counties. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Noble O. Moore (Hazen J. Hatch, of counsel), for plaintiffs.*

*Rosenburg, Painter & Davidson, for defendants.*

REID, J. Plaintiffs are freeholders residing in the township of Homer, county of Calhoun, Michigan, in which is included part of the drainage district of the

Lampson-Run and McIlwain extension drains, an intercounty drainage district located in Calhoun, Jackson and Hillsdale counties, which district is hereinafter referred to as the drainage district. The intercounty drainage board consists of defendant Hudson, chief of drainage, department of agriculture of the State, and the several drain commissioners of the counties aforesaid.

Plaintiffs filed a petition for a writ of certiorari in the circuit court for Ingham county, to review and set aside proceedings taken by the board of the drainage district on a petition praying for the cleaning out, deepening, widening and extending of the intercounty drain in the drainage district. The original proceedings are not fully set forth in the record before us.

We note the following partial statement of facts as set forth in the opinion of the circuit judge:

"On May 12, 1948, a petition was filed with Raymond H. Briggs, Calhoun county drain commissioner, under CL 1948, § 267.2 (Stat Ann 1947 Cum Supp § 11.68), for cleaning out, deepening and widening and extending this drain [*i.e.*, the drain hereinbefore mentioned]. * * * The first meeting was held June 16, 1948, at which time the order of practicability was made and a survey ordered. The survey was made and filed, and the second meeting was called for December 21, 1948, to determine the necessity of the improvement. An order of determination was made on March 3, 1949, allocating the percentage of the costs of the improvements and thereafter, on April 18, 1950, the drainage board obtained a release of right-of-way for a consideration of $24,999 from the H. Van Patten Company, which owned lands within the drainage district, including the so-called Homer Mill Pond. The drainage district also acquired title to the Van Patten property by quitclaim deed for a nominal consideration of $1."

The circuit judge entered a judgment dismissing the petition for certiorari. Plaintiffs thereupon appealed. We limit our discussion to the questions involved set forth in plaintiffs' brief, which are as follows:

1. Can the defendants in certiorari change or add to the record after issuance and service of the writ of certiorari?

2. Was the failure of the drainage board to have proof of publication, service and posting in the file at the time the various orders were entered, a jurisdictional defect?

3. Does the drain law require that copies of proceedings filed in the other counties [*i.e.*, filed by the drain commissioner first having the proceedings pending before him with the other drain commissioners who are members of the drainage district] be certified?

4. Can a publication appearing only once in 2 different newspapers be held as compliance with requirements of the drainage law?

Plaintiffs' questions 1 and 2 can be considered together. In support of their contention that proof of service of notice cannot be supplied after the petition for writ of certiorari has been filed, plaintiffs cite *Dupont* v. *Highway Commissioners of Hamtramck,* 28 Mich 362, and *People, ex rel. Tireman,* v. *Drain Commissioner,* 40 Mich 175. In reply defendants cite the later decision of *Ranney Refrigerator Co.* v. *Smith,* 157 Mich 302, in which we say as to drain proceedings, at page 306:

"The record shows the service, posting, and publication of the notice of the time and place appointed by the commissioner for apportionment and review. Proof thereof was not made at or previous to the review. That was not fatal to the proceedings, provided notice was actually given. *Murphy* v. *Dobben,* 137 Mich 565."

At the time of the filing of the petition for writ of certiorari, there had not been filed proof of service of certain meetings of the intercounty drainage board, including the meeting to determine the necessity. Plaintiffs do not claim that those persons did not receive the notice in due time who were entitled to notice, but contend that the failure to file proof of service made the subsequent proceedings null and void. Proofs of service, where missing, were filed after the certiorari proceedings were begun and before the return was made in the circuit court.

The drainage board acquired jurisdiction by a proper petition. No question is made of the sufficiency of the petition. Failure to file the proof of service as to some of the persons on whom service must be made did not deprive the board of jurisdiction. In *Hall* v. *Slaybaugh,* 69 Mich 484, we say at page 486:

"It is the petition, in this class of cases, which gives the commissioner jurisdiction, and, if that is sufficient, the other proceedings after that, if not in accordance with the statute, become irregularities of more or less importance according to the extent of the injury resulting therefrom."

See, also, *Lanning* v. *Palmer,* 117 Mich 529.

There is no claim that plaintiffs were actually deprived of any right or advantage by reason of the want of filing of the proof of service of notice as to some parties necessary to be served. The trial court held that petitioners did not show that they have any legal interest which is adversely affected and cited *Wolpert* v. *Newcomb,* 106 Mich 357, in which case the plaintiff sought review by certiorari of drain proceedings for irregularities after the petition was filed. In the *Wolpert Case,* we said at page 359:

"It is nowhere shown or claimed that the plaintiff will be injured by the deepening, widening, and

straightening of the ditch. If he is not injured, there is no reason why he should have the proceedings quashed, or be heard to question their validity by the writ of certiorari, which is subject to discretion. *People, ex rel. Roediger,* v. *Wayne County Drain Commissioner,* 40 Mich 745."

CL 1948, § 266.11 (Stat Ann § 11.66), among other things provides:

"If any error be found in the proceedings, the court shall direct the commissioner to correct such error or errors and then proceed the same as though no error had been made."

The error complained of was not jurisdictional; the error has been corrected, the record supplied; it would be an idle gesture to send the case back for ordered corrections.

In considering plaintiffs' third question as to delivery of certified copies, we note CL 1948, § 265.13 (Stat Ann § 11.53), which is as follows:

"A full record of such drain shall be made and entered by the several commissioners in the drain record books of their respective counties, and a certified copy of all the papers relative to the construction of such drain shall be delivered to the other commissioners by the commissioner having the original application or petition, which certified copies shall be filed in the office of the county drain commissioner of their respective counties as original papers are required to be filed and with the same force and effect."

This section has to do with the original *construction* of intercounty drains. Plaintiffs cite CL 1948, § 267.2 (Stat Ann § 11.68), which has to do with proceedings such as that under present consideration to clean out, widen, deepen, straighten, tile, or extend an intercounty drain already constructed, and in part provides as follows:

"After the surveyor or engineer has filed all data with the drainage board, the commissioner of agriculture shall call a meeting as provided in section 2 of chapter 5 [which includes CL 1948, § 265.13 (Stat Ann § 11.53)], and thereafter take all steps and perform all acts which are required to be done by said board upon a petition for the location, establishment and construction of drains as provided in chapter 5 of this act."

By a fair inference, the quoted portion of CL 1948, § 267.2, directs that certified copies of the secondary proceeding (to clean out, et cetera) corresponding to like proceedings for the original construction shall be "delivered" to the other members of the board by the commissioner having the original application or petition; and this is construed by us to mean, as a matter of public convenience and not as a necessary part of the foundation of the secondary proceeding (to clean out, et cetera). No time is precisely fixed for such "delivery" of certified copies.

What we have said as to questions 1 and 2 applies also to question number 3. No harm to plaintiffs is shown to have arisen because certified copies of the secondary proceedings (to clean out, et cetera) were not filed before plaintiffs filed their petition for certiorari.

There is no merit to plaintiffs' claim as to the fourth question that the proceedings were void because the statute, CL 1948, § 262.6 (Stat Ann § 11.22), was not complied with, which section of the statute requires that the notice "shall be published once a week for 2 consecutive weeks before such meeting, in a newspaper." In 1 county publication was had in one newspaper 1 week and the next week in another newspaper. That each newspaper was qualified under the statute[*] is not in dispute. The publication

---

[*] See CL 1948, § 691.611 *et seq.* (Stat Ann and Stat Ann 1947 Cum Supp § 27.801 *et seq.*).—REPORTER.

that was had is not shown to. be less effective as a notice than publishing in the same newspaper 2 successive weeks, and could be more effective by reason of reaching 2 different groups of readers. There is nothing in the statute forbidding or rendering invalid such publishing as was done in this case.

The judgment appealed from is affirmed. No costs, a question of public interest being involved.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.

BOYLES, J., concurred in the result.

BUTZEL, J., did not sit.