*In re* FITCH DRAIN NO. 129.

APPEAL AND ERROR—REVIEW OF DRAIN PROCEEDINGS—RIGHT TO AP-
PEAL.

In proceedings to establish a county drain, reviewed by certiorari
in circuit court, claim of appeal from judgment in that court
for drain commissioner, taken to Supreme Court, as of right
and without leave, together with special order of Supreme
Court holding determination of motion to dismiss appeal from
circuit court in abeyance, are considered as presenting the case
for consideration on the merits, BLACK, J., treating case as here
on granted application for leave to appeal and DETHMERS, C. J.,
and KELLY and CARR, JJ., treating case as here on appeal
as a matter of right (PA 1923, No 316, as amended; CL 1948,
§ 650.1, as amended by PA 1953, No 4; Court Rules Nos 55,
60 [1945]).

SHARPE, SMITH, and BOYLES, JJ., dissenting on ground that motion
to dismiss appeal should be granted for failure to obtain leave
therefor.

Appeal from Kent; Verdier (Leonard D.), J.
Submitted January 4, 1956. (Docket No. 19, Calen-
dar No. 46,424.) Decided June 4, 1956.

In the matter of the petition of the Kent County
Drain Commissioner in the establishment of Fitch
Drain No. 129, the defendants J. Lee Thurston, Mil-
dred E. Thurston, Nettie Dodge and Clinton B.
Dodge, brought certiorari to review proceedings.
Writ quashed. Defendants appeal without first ob-
taining leave to appeal. Motion to dismiss appeal
denied.

*Varnum, Riddering, Wierengo & Christenson,* for
plaintiff.

*Clem H. Block,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES
17 Am Jur, Drains and Sewers § 49.

Black, J. February 15, 1954, the named appellants filed in the Kent circuit court a petition for writ of certiorari to review statutory drain proceedings. The writ was issued, due return thereto was filed, and the court proceeded to hear and consider the issues as framed in accordance with Court Rule No 43 (1945).

October 21, 1954, the court ruled by written opinion that the writ as issued should be quashed. A formal order quashing the writ was entered October 22, 1954 and on the same date, proof of service of notice of entry thereof was filed with the clerk. Without application and grant of leave, a claim of appeal was filed and served November 12, 1954.* It reads as follows:

"Now comes Clem H. Block, attorney for C. [J.?] Lee Thurston, Mildred E. Thurston and Clinton B. Dodge, and claims an appeal from the order quashing writ of certiorari and remanding case filed October 22, 1954. *This appeal is in the nature of certiorari.*

"The appeal fee of $5 is paid herewith."

The present case, so far as printed record and briefs are concerned, was assigned to the writer on the first day of our January term, in this year 1956. The mentioned record and briefs are addressed solely to the merits as considered below, and they give no hint that a motion pointed at our appellate jurisdiction was and is outstanding. It is thus noted at the outset, without intended criticism—counsel undoubtedly agreed to "give up" on the

---

* It is not disclosed, by brief or otherwise, why the question of timeliness of appeal, as well as right of appeal, has not been raised in this case. Twenty full days elapsed between October 22d and November 12th. The claim of appeal, if appeal was of right, was consequently one day late. That we should have raised this particular jurisdictional question, *sua sponte* when the motion to dismiss was submitted in the fall of 1954, is a bit apparent (*In re Estate of Fraser*, 288 Mich 392).

pending motion to dismiss,—that the parties did not comply with the presently mentioned order of January 13, 1955, that is to say, they did not brief and submit the motion to dismiss "with the case on appeal."

The case, again with exclusive regard for the merits, was duly called for argument and submitted January 4, 1956. Following due conference upon merits of the case this member of the Court was handed a typewritten motion to dismiss appeal, filed here November 20, 1954; a typewritten brief in support filed the same date; a typewritten brief in opposition filed November 30, 1954 and a typewritten brief in reply filed December 3, 1954.

Being of the view that the motion to dismiss should be sustained, an opinion to such effect was prepared by the writer and delivered to remaining members of the Court on March 16th, shortly after decision in *People* v. *Stanley,* 344 Mich 530. That opinion, to which I adhere, will be delivered later. However, and in view of a recently imparted fact, that opinion requires this admittedly sharp introduction—an introduction which, if it accomplish nothing else, should put an end to the practice of holding ("sitting" on them so to speak) motions to dismiss instead of deciding them before heavy investment of time and money is made by bewildered litigants who at least are entitled to know, prior to such investment, whether they are jurisdictionally here.

Mr. Justice CARR, writing to deny the aforesaid motion to dismiss, brings to light—for the first time so far as this member of the Court is concerned— a special order entered by this Court 15 months ago. It is dated January 13, 1955 and reads, in full, as follows:

"In this cause a motion is filed by plaintiffs to dismiss the appeal heretofore taken herein by defendants from the order of the circuit court for

the county of Kent, and a brief in opposition thereto having been filed by defendants, and due consideration thereof having been had by the Court, It is ordered that this motion be held in abeyance, to be briefed and submitted to the Court for decision with the case on appeal."

The quoted order of January 13, 1955, considered with the printed record and briefs as received, poses certain questions that are answerable only by judicial self-examination. How can the merits of a calendar cause be finally submitted to a court of errors until that court has settled its challenged jurisdiction to hear and determine such merits? Why, if there was good reason for delay of decision of the 1954 motion to dismiss, was the order not one for continuance only with protection of flanks of the parties from the injustice of delayed justice?* Why, to put it plainly, is this Court in position where it must find a circuitous way of necessity to belatedly review the merits of this case? Necessity, as we shall see, knows no law.

This Court's inexcusable delay of decision of the motion, from 1954 to 1956, has dictated a decision which, reading between Justice CARR's novel and presently treated lines, would not in my view have been considered 15 months ago. To grant as we should the motion to dismiss at this dawdler's hour, without condition or special treatment, will leave the attempted appellants in position where—considering lapse of the time allowed for settlement of record on appeal—they will be unable to effectively arrive here. The situation must be met, and I would do so directly.

*First:* It is history, commencing with the so-called Sunderland Report of 1931 and continuing to this

---

.* The time for settlement of record on appeal, and in consequence the time for consideration and grant of delayed appeal (*Cooper* v. *LaBuda,* 308 Mich 737), continued to run and finally expired.

·day, that each job of court-rule revision has been a sort of half-and-half compromise between statutory and court-made rules of practice. By section 3 of Court Rule No 1 (1945)* this Court has adopted, just as effectively as if written into the rule book as such, all constitutional statutory rules of practice that are not in conflict with the rules as revised. The act of adoption was and is a continuing one, that is to say, a statutory rule of practice "not in conflict with any of these rules," enacted after the revision is automatically included and remains so pending adoption of inconsistent new court rule or, of course, legislative repeal thereof. So the profession is obligated to look for procedural guidance, not only to the rules proper but to statutory rules, and it must on peril of trouble determine the question of consistency.

With this preface, I turn by express command of section 1 of Court Rule No 60 (1945) to an old and oft-amended statute which as recently as March 1 of this year (*People* v. *Stanley, supra*) was held determinative of appellate procedure in civil cases covered thereby.

PA 1953, No 4 (Stat Ann 1953 Cum Supp § 27.2591) provided†:

"Sec. 1. Writs of error upon any final judgment or determination, where the judgment exceeds in amount $500, or where judgment has been rendered upon a directed verdict for defendant in cases involving a claim of more than $500, may issue, of course, out of the Supreme Court, in vacation as well as in term, and shall be returnable to the same

---

* Section 3 of Court Rule No 1 (1931) read as follows:

"Rules of practice *heretofore* set forth in any statute, not in conflict with any of these rules, shall be deemed to be in effect until superseded by rules adopted by the Supreme Court."

The word "heretofore" was eliminated in the 1933 revision. Section 3 of Court Rule No 1 (1945) otherwise remains the same.

† See *People* v. *Stanley, supra*, for disposition of matter attemptedly added to this statute by PA 1954, No 53 (Stat Ann 1955 Cum Supp § 27.2591).

Court; and in all other cases such writ may issue in the discretion of the Supreme Court or any justice thereof upon proper application; Provided, however, That if said case involves a construction of the Constitution or of any statute of this State, or any matters of great public importance or involves the contest of a will, such application need only show such fact and, when filed, the writ of error shall issue of course."

In order that we may visually perceive when in the past one might obtain review of right, the judgment or order as here being reviewable "under statute, or, in the absence of statute, under common law" by writ of error, I record, as follows, the modern ancestry of the statute just quoted. Starting with the judicature act of 1915 (PA 1915, No 314 [CL 1948, § 600.1 *et seq.*, as amended (Stat Ann § 27.1 *et seq.*, as amended)]), we find by chapter 50, § 1 that the writ issued generally as of course. The statute then read (p 333 of official volume of 1915 Public Acts):

"Sec. 1. Writs of error upon any final judgment or determination, may issue of course, out of the Supreme Court, in vacation as well as in term, and shall be returnable to the same Court."

We find the first restriction, and the first instance of the process becoming a "discretionary writ" in specific cases, in the amendment of 1917 (PA 1917, No 172), which read this way:

"Sec. 1. Writs of error, upon any final judgment or determination, where the judgment exceeds in amount $500, may issue of course, out of the Supreme Court, in vacation as well as in term, and shall be returnable to the same court; and in all other cases such writ may issue in the discretion of the Supreme Court upon proper application."

Next, and by the amendment of 1919 (PA 1919, No 14), we were returned to the statutory position shown

in the judicature act aforesaid, that is, the writ again issued generally, of course, by identical statutory language.

By the amendment of 1923 (PA 1923, No 155) the statute as it stands at present came into being save only as to the concluding words—"and, when filed, the writ of error shall issue of course"—which concluding words were added by the quoted amendment of 1953 (PA 1953, No 4).

The question before us is not a difficult one. It is simply whether, under Court Rule No 60 (1945), the remedy of review ("under statute, or, in the absence of statute, under common law") of the above-named appellants "is by certiorari, mandamus or other discretionary writ." Since all agree that appellants' "remedy of review, under statute," is by writ of error,* the only remaining question is whether, by the statute as quoted, the writ in the present instance is a discretionary one.

The order quashing appellants' writ of certiorari as entered below is not a judgment exceeding in amount $500, and it is not subject to certification of amount by the trial judge as is authorized in common-law actions brought for recovery of money or rights in property.† It is not a judgment rendered upon a directed verdict. A writ of error to review it therefore does not, "under statute," issue of course. To the contrary, and as the statute says, it issues in the discretion of the Supreme Court or any justice thereof upon proper application. The remedy of review "under statute" consequently is by "discretionary writ." *Vera perspicua non sunt probando.*

This statute (PA 1953, No 4), so far as the present problem is concerned, is not in conflict with any rule

---

* *Robens* v. *Videto,* 33 Mich 240, holds that certiorari proceedings in circuit are reviewable by writ of error.

† As to certification in replevin actions, see *Andres* v. *Washtenaw Circuit Judge,* 287 Mich 412.

set forth in the 1945 revision and it supplies the principal if sometimes ambiguous guide, to the same extent as if bodily incorporated in Court Rule No 60 (1945), by which counsel must determine in a given instance whether an application for leave to appeal is required under said Court Rule No 60. This means, so far as I at least am concerned, that timely grant of the motion to dismiss appeal should have been made.

*Second:* The question whether, in this civil case, the time for settlement of record on appeal has finally and irretrievably expired, would have to be determined should we be disposed to dismiss as in the *Stanley Case* "without prejudice to appellants' filing a timely delayed application for leave to appeal." Since this Court's majority may be somewhat wary of publicly announced willingness to consider extensions of rule-fixed periods of limitation upon settlement of exceptions and records in civil cases (Compare *Piggins* v. *Fellinger,* 318 Mich 398), I suggest that the best way out of our predicament is to do the same thing as was forthrightly proposed by Mr. Justice CARR in *In re Petition of Bryant,* 323 Mich 424 at page 431, namely, that we treat the case "as though plaintiffs had sought, and obtained, leave to appeal." We would have to do this anyway because, in any view of the last quoted statute (PA 1953, No 4), myopic or otherwise, these appellants have filed no "application" of any kind. Their position is, hence, beyond rescue by the proviso of such statute.

*Third:* I have read, *cum grano salis,* Mr. Justice CARR's suggestion that certain legislation pertaining solely to review in the *Ingham* circuit of *intercounty* drain proceedings leads to an "inference" that the legislature thereby intended to grant remedy of review, in this Court as a matter of right, from circuit court certiorari issued elsewhere than in Ingham county to review drain proceedings not of inter-

county nature. The statute forming the basis of my venerable Brother's notion arrived in the general drain law by PA 1949, No 247, and it constituted, at the time, section 10 of chapter 7. It reads as follows:

"Sec. 10. The circuit court for the county of Ingham shall have sole and exclusive jurisdiction, subject to review by the Supreme Court, of all intercounty drain procedure and on proper application may review any such proceeding by certiorari. If error is found the court shall direct the proceeding to be resumed from the last legal step taken. If Ingham county is involved in the intercounty drain project the circuit court of any unaffected contiguous county shall have jurisdiction."

In the first place, the legislative words from which Mr. Justice CARR draws his "inference" have been taken out of the game by PA 1953, No 199 (CLS 1954, § 267.10 [Stat Ann 1955 Cum Supp § 11.75 (1)]). In the second place such words, even when alive between 1949 and 1953, did not even hint at review of right distinguished from review on application. Finally, any amendment of the general drain law distinguished from the judicature act purporting to control or dictate our appellate jurisdiction in civil cases would conflict with the quoted writ of error statute and, at the same time, offend article 5, § 21, of the Michigan Constitution (1908). If it is desired in these chambers that appeals, from certiorari proceedings in circuit which involve the general drain law, be authorized as of right, all we need do is say so by court rule. There is no occasion for overstretching of mental muscles in effort to reach "inferences" from dead statutes.

But it is said, because "no question was raised either by counsel or by the Court as to the procedure followed" in certain cited drain cases, that this Court has relevantly "acquiesced" in appeal of right and, on that premise, it is suggested that counsel may

"rely" on such procedure as establishing remedy of review of right. Having been a lawyer during the past quarter century this writer will take notice that sagacious counsel do on purposeful occasion refrain from raising questions, sometimes by agreement with opponent and sometimes not, in hope of obtaining meritorious decision on more important points. For that reason, and for the rather elemental one that a point of law judicially assumed without consideration thereof is not decided (*Allen* v. *Duffie*, 43 Mich 1 [38 Am Rep 159]; *King* v. *School District No. 5*, 261 Mich 605), I respectfully decline to partake of the doctrine that failure of court and counsel to raise questions, of jurisdiction or otherwise, and consequent omission of decision thereof, makes "acquiescent" precedent one way or the other respecting such nonconsidered questions. As was said in *Cosgrove* v. *Wayne Circuit Judge*, 144 Mich 682, 683:

"It is true that we have granted the writ of mandamus to redress a grievance precisely like that asserted by relator. *Stock* v. *Wayne Circuit Judge*, 143 Mich 339, is a recent instance. In this case—and I think the same may be said of all similar cases—the impropriety of that remedy was not suggested and did not occur to the Court. Such decisions are not precedents which we are bound to follow. See *Moinet* v. *Burnham, Stoepel & Co.*, 143 Mich 489; *Atwood* v. *Mayor and Common Council of Sault Ste. Marie*, 141 Mich 295."

*Fourth:* The motion to dismiss should have been granted, in due time. The claim of appeal as filed, considered with the special order of January 13, 1955, should for stated reasons be treated as a duly granted application for leave to appeal, and the cause as to the merits should on present record and briefs be re-assigned for decision. We owe to the bar an open declaration, tied not to drain proceedings with others left hanging, that certiorari proceed-

ings decided in circuit pursuant to Court Rule No 43 (1945) are reviewable here only on granted leave. As was said by Mr. Justice FELLOWS in *People* v. *Rich,* 237 Mich 481, 497, "We are not only deciding this case, but we are also laying down rules for the guidance of the judiciary and the profession in future cases."

I conclude with observation that this 1954 to 1956 drain case may cause our Court to take a new look at Court Rule No 60 (1945). We are overdue for an amendment plainly declaring, distinct from statute and common or uncommon law, just what in the way of circuit court judgments and orders are reviewable of right. Indeed, it would be a distinct service if we were to assemble, within the covers of one rule book and on plenary authority (Const 1908, art 7, §§ 4, 5), *all* rules of practice in courts of record. That will undoubtedly be done in the "sweet by-and-by."

CARR, J. Defendants herein sought and obtained a review under writ of certiorari in the circuit court of proceedings under the general drain law of the State.* It was their claim that certain requirements of the statute had not been properly observed and that, in consequence, the proceedings of the commissioner were fatally defective. Following a hearing the circuit judge determined that the rights of defendants had not been prejudiced in any material respect, and that the requirements prescribed by law had been substantially observed. Judgment was accordingly entered in favor of the drain commissioner, dismissing the proceedings.

Considering themselves aggrieved by the judgment of the circuit court the defendants herein filed a

* PA 1923, No 316, as amended (CL 1948 and CLS 1954, § 261.1 *et seq.* [Stat Ann 1952 Rev and Stat Ann 1955 Cum Supp § 11.1 *et seq.*]).

claim of appeal for the purpose of obtaining a review by this Court. The drain commissioner through his counsel filed a motion to dismiss the appeal on the ground that the proper procedure for review in the case was "by appeal in the nature of mandamus or certiorari, on leave granted by this Court." Thereupon an order was entered, directing that the motion should be briefed and submitted for decision with the cause on appeal. In accordance therewith the record and briefs of counsel were duly filed, and the case was submitted at the January term. We now have before us the motion to dismiss. The matter involves a consideration of the rules of this Court, and certain statutory provisions claimed to be pertinent, interpreted in the light of the practice uniformly observed in this State for many years past with reference to the review of cases of this character.

Prior to the adoption of the rules in question, judgments in circuit courts reviewing drain proceedings under writs of certiorari were reviewed by this Court on writs of error, and not by mandamus or certiorari or other discretionary writs. Such was the procedure followed in numerous cases, of which *Harneck* v. *Walker,* 227 Mich 655; and *White* v. *Palmer,* 233 Mich 32, may be regarded as fairly typical. In the review of proceedings under the drain law where claims of irregularities are ordinarily made, matters pertaining to the interpretation of statutory provisions and of compliance therewith are usually involved. Further in this connection, the reference to the review of cases, involving the construction of a statute, in chapter 50, § 1, of the judicature act, as amended by PA 1923, No 155,* is significant. The right to review such a judgment, under writ of error issued as a matter of course, was

---

* See CL 1929, § 15491, CL 1948, § 650.1 (Stat Ann 1943 Rev § 27.2591).

obviously based on the nature of the proceeding culminating in the circuit court judgment and on the questions involved therein. Such judgment was regarded by the profession generally, and by this Court, as of such nature that it gave a party claiming to be aggrieved thereby a right of review. Such was the situation existing at the time of the adoption of the Michigan Court Rules (1945) now in effect.

This brings us to the question whether the previously obtaining practice with reference to the right of review of circuit court judgments in drainage proceedings heard on writ of certiorari was changed by the rules adopted by this Court. In this connection the language of Court Rule No 55, § 1, is significant. Said section reads as follows:

"In all cases in which review by the Supreme Court is provided by law, and notwithstanding the writ or remedy of review employed by common law or named in the statute, review may be had by appeal under these rules. This rule refers only to the method of review and does not restrict, enlarge or change the right or scope of review provided by law except as explicitly set out in these rules."

Insofar as a case of the character here involved is concerned, we think it a fair conclusion that the intent of the Court in the adoption of the rules was to change the method of review from writ of error to appeal, but to leave intact the right of an aggrieved party to obtain such review as a matter of course. We find no explicit provision changing the status of such judgments in this respect. It is significant also that, since the adoption of the rules, cases of this type have been brought here for review under claim of appeal filed in accordance with the general practice provided thereby. *In re Hurd-Marvin Drain,* 331 Mich 504; *In re Lampson-Run & Mc-Ilwain Drains,* 332 Mich 553. In neither of these

cases was leave to appeal sought, and no question was raised either by counsel or by the Court as to the procedure followed. Such acquiescence is entitled to consideration as bearing on the issue whether it was intended, in the adoption of the Michigan Court Rules (1945), to make circuit court judgments, in certiorari proceedings to review the acts of a drain commissioner under the drain code, appealable only on leave granted. Appellants in the instant case apparently relied on the procedure as established prior to the adoption of the Court Rules and as observed thereafter.

It is of interest to note, also, that in 1949 the legislature, by Public Act No 247 of that year, added to chapter 7 of the drain code a new section expressly conferring on the circuit court of Ingham county jurisdiction to review intercounty drain procedure by certiorari, the action of said court, however, being "subject to review by the Supreme Court." It may be inferred from the language used by the legislature that it then considered that certiorari judgments in drain proceedings were subject to review as a matter of right. Subsequent amendment* of the section as to jurisdiction of circuit courts in such proceedings does not destroy the inference that may properly be drawn from the section as originally enacted.

The practical situation presented is that defendants filed claim of appeal from the circuit court judgment in reliance on the practice heretofore generally observed. As above pointed out, the right to a review as of course under writs of error was followed prior to the adoption of the present rules and the substituted remedy by way of general appeal has been followed since. Such procedure indicates the interpretation that has been placed by courts and counsel on the pertinent provisions of the statutes

_____

* See PA 1953, No 199 (CLS 1954, § 267.10 [Stat Ann 1955 Cum Supp § 11.75(1)]).

and rules. We think such interpretation is correct
and that defendants in the case at bar were entitled
to seek review of the judgment as a matter of right.
The case is now here, argued and submitted on the
merits. It should be disposed of accordingly.

The motion to dismiss the appeal is denied.

Dethmers, C. J., and Kelly, J., concurred with
Carr, J.

Sharpe, J. (*dissenting*). On February 15, 1954,
defendants filed a petition for a writ of certiorari.
The writ was issued and later quashed. The order
quashing the writ was entered on October 22, 1954.
Defendants filed a claim of appeal to the Supreme
Court without first having obtained leave. Subse-
quently, plaintiff filed a motion to dismiss defend-
ants' appeal, for the reason that leave to appeal had
not been obtained. Without deciding the motion, we
entered an order holding the motion in abeyance until
the cause could be heard on its merits.

Rule No 60 of the Michigan Court Rules (1945)
provides, in part:

"Sec. 1. Leave to appeal to the Supreme Court
shall be required in the following cases:  *  *  *

"(b) Where the remedy of review, under statute,
or, in the absence of statute, under common law,
is by certiorari, mandamus or other discretionary
writ; or case made unless the controversy involves
more than $500."

We have had occasion to discuss the effect of this
rule in a mandamus case. In *Quail* v. *Cole,* 260 Mich
642, 643, we said:

"Leave to prosecute an appeal in the nature of
mandamus was necessary and was not obtained. We,
therefore, *sua sponte,* dismiss the appeal."

In *In re Application of Consolidated Freight Co.,*
265 Mich 340, 353 (4 PUR NS 397), we said:

"It should be noted that the appeal in the nature
of certiorari was taken without first having obtained
leave.  Court Rule No 60 (1931).  For that reason
the appeal might well have been dismissed by the
court on its own motion.  *Quail* v. *Cole,* 260 Mich
642."

Mr. Justice CARR relies upon and quotes from sec-
tion 1 of Court Rule No 55 in support of his theory
that circuit court judgments in certiorari proceed-
ings to review the acts of a drain commissioner under
the drain code are applicable as a matter of right.
My interpretation of Rule No 55 is that it neither ex-
tends nor abridges the right of appeal.  Such rights
are governed by statute or rules.  Rule No 60 pro-
vides that in certiorari proceedings leave to appeal
must first be obtained before the cause can be de-
cided in the Supreme Court.  I find no exception in
Rule No 60 exempting drain cases from the effect
of the rule.  I am not impressed with Mr. Justice
CARR's theory that acquiescence or our failure to
*sua sponte* raise the question in *In re Hurd-Marvin
Drain,* 331 Mich 504; and *In re Lampson-Run & Mc-
Ilwain Drains,* 332 Mich 553, should control the is-
sue of right to appeal that is now before us.

The motion to dismiss the appeal was timely made
and should be granted, with costs to plaintiff.

SMITH and BOYLES, JJ., concurred with SHARPE, J.

The late Justice REID took no part in the decision
of this case.