BUILDING SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 177M, AFL-CIO, *v.* PUBLIC
EMPLOYEES COUNCIL NO. 77, AFL-CIO.

GARNISHMENT—HEARING—SHORTENED NOTICE.

> An order quashing writ of garnishment was properly entered by court at hearing held on notice shortened to 1 day and stating that it had been given in the manner approved by the court, in the absence of a motion having been presented to the trial court to set aside the order and presenting to the trial court the question as to whether there was a valid objection to the shortening of the notice than as was primarily required by the pertinent court rule (Court Rule No 10, § 2 [1945]).

Appeal from Wayne; Weideman (Carl M.), J. Submitted June 10, 1960. (Docket No. 45, Calendar No. 48,511.) Decided July 11, 1960.

In action by Building Service Employees International Union, Local 177M, AFL-CIO, against Public Employees Council No. 77, affiliated with American Federation of State, County and Municipal Employees, AFL-CIO, writ of garnishment was quashed. Plaintiff appeals. Affirmed.

*Diehl & Cholack* (*Robert J. Diehl,* of counsel), for plaintiff.

*Zwerdling & Zwerdling* (*Sheldon L. Klimist,* of counsel), for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

5 Am Jur, Attachment and Garnishment § 745 *et seq.*

KELLY, J.   The circuit court for the county of Wayne dismissed a writ of garnishment, and appellant asks this Court to vacate the order of dismissal.

Michigan Court Rule No 10, § 2 (1945), provides:

"Notice of the hearing of motions and petitions (except motions for continuance and motions to strike causes from calendar), together with a copy thereof and of the affidavits on which they are based, shall in all cases be served on the opposite attorney at least 4 days before the time noticed for hearing the same:   Provided, that for good cause the court may hear a motion or petition on shorter notice. * * *  Proof of such service shall be filed on or prior to the hearing."

ꞏ Plaintiff admits it was served with a 1-day written notice of hearing on the motion to quash garnishment, but claims that the notice was defective because such "notice of hearing did not state that the court had ordered a shorter time" and, also, there was nothing "in the court file to indicate that the court had considered the question of shortening the 4-day notice requirement, except a statement in the order quashing garnishment that 'notice having been given in the manner approved by this court.' "

Hon. Carl M. Weideman, circuit judge, entered an order restoring lost court records, stating "that on November 5, 1959, this court approved and initialed a motion praecipe fixing November 6, 1959, at 11 a.m. as the time for hearing on defendant's motion to quash garnishment."   It is conceded that the motion was called at 11 a.m., November 6, 1959, and, after waiting 1 hour, was disposed of at about noon on that date.

Appellee contends:   (1) The manner in which the court approved a shortened time for hearing on defendant's motion to quash garnishment was proper;

(2) It is not required that notice of hearing served upon opposing counsel state that the court has exercised its discretion to shorten the time for hearing; (3) That plaintiff's failure to at any time move to set aside the order quashing the garnishment on the ground of improper notice in the circuit court does not give plaintiff the right to raise the question for the first time on appeal to the Supreme Court.

In *McLay* v. *McLay,* 354 Mich 19, this Court considered an order modifying a divorce decree within the 10-day period, without notice to plaintiff. Plaintiff appealed claiming violation of Michigan Court Rule No 10, § 5 (1945), providing that an order "shall be noticed and presented for signature within 10 days after the granting of the same."

In denying plaintiff's request that the order be declared invalid, this Court stated (pp 25, 26):

"We consider the order subject to being vacated on proper motion. In *Flowers* v. *Wayne Circuit Judge,* 218 Mich 500, Justice WIEST, dealing with this identical problem, wrote:

" 'If the decree granted by Judge Hosmer was settled and signed without notice to the attorney for Mr. Flowers a motion should have been made to set it aside.'

"We do not, however, consider that failure to follow the terms of this administrative rule deprived the court of jurisdiction to hand down the order, or rendered the order as entered void. There is no question but that the order complied with the decision of the court announced from the bench at the close of the hearing.

"Further, if the order be considered voidable and, hence, subject to reversal on appeal, we have no indication in this record that such an issue was submitted to the court below by motion to vacate, or on motion for rehearing. *Andres* v. *Washtenaw Circuit Judge,* 287 Mich 412."

We agree with appellee's statement:

"At most, there is an irregularity involved here. If plaintiff had a valid objection, it should have been presented to the court below by appropriate motion to set aside the order quashing the writ of garnishment. This was a prerequisite to a resort to this Court."

The order of the circuit court quashing the writ of garnishment is affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.