JULIUS WRIGHT v. ALONZO J. ROWLEY, DRAIN COMMISSIONER AND FRANKLIN R. GOOD, TOWNSHIP CLERK.

*Proceedings to lay out drain—Return as to notice—Laches.*

A drain commissioner's return to a writ by *certiorari* that he " gave the notice required by the statutes to the parties interested in said water course " is insufficient to sustain his proceedings in laying out a ditch.

Where a notice of proceedings to lay out a drain has not been given in strict compliance with the statute, subsequent proceedings are void

as to those who do not waive notice or are otherwise estopped from objecting.

· Whether a year's delay in making a plat of a proposed ditch to be laid out under proceedings taken by a drain commissioner, would not make subsequent proceedings void for want of jurisdiction—Q.

The right to complain of proceedings to lay out a ditch is not lost by delay where the cause of complaint does not develop itself until after the work is done and paid for; as where the opening of a ditch converted a lake bordering on plaintiff's land into a sickening mud-hole though he had been authoritatively assured that it would not lower the water.

*Certiorari* to the drain commissioner and clerk of the township of Fredonia in Calhoun county. Submitted October 29. Decided November 9.

*Oscar T. Tuthill* for plaintiff in *certiorari*.

*Wm. H. Porter* and *Miner & Stace* for defendant in *certiorari*. *Certiorari* to review local improvements must be applied for immediately; it should be refused if the applicant has delayed so that the assessment has been made and collected : *Matter of Lantis* 9 Mich. 324 ; *Matter of Tompkins Square* 17 Abb. Pr. 324 n. ; *Swift v. Poughkeepsie* 37 N. Y. 511 ; *Elmendorf v. New York* 25 Wend. 693 ; *Fract. School Dist. No. 1 of Owosso v. School Inspector* 27 Mich. 3 ; *Roberts v. Highway Com'rs* 24 Mich. 182 ; *People v. Com'r of Taxes* 43 Barb. 494 ; *People v. Reddy* 43 Barb. 539 ; *People v. Fredericks* 48 Barb. 173 ; *People v. Fredericks* 33 How. Pr. 150 ; *Ex parte Miller* 4 Mass. 565 ; *Ex parte Baring* 8 Greenl. (Me.) 137 ; *Tipton v. Anderson* 8 Yerger (Tenn.) 222 ; *Erwin v. Erwin* 3 Dev. (N. C. L.) 528.

MARSTON, C. J. *Certiorari* to review the proceedings of a drain commissioner. May 3d, 1878, an application was made to the drain commissioner to establish and open a water course through certain lands. The 7th day of May, 1878, at a certain hour and place, was fixed for examination of the application, and the commissioner returns he " gave the notice

required by the statutes to the parties interested in said water course." This we have repeatedly held was insufficient, and rendered all subsequent proceedings void as against parties not waiving notice or otherwise estopped.

It farther appears from the return that no survey or plat of the proposed ditch was made until April 22d, 1879, nearly a year after the initiation of the proceedings, and no cause or excuse for the delay is given. November 13th, 1879, the parties through whose lands the ditch was to run executed a release for all claim of damages. It may be very questionable whether such a delay would not of itself render void for want of jurisdiction all the proceedings thereafter, but it is hardly necessary to pass upon this question at present.

The writ in this case was sued out August 12th, 1880, and although the work seems to have been done, taxes collected therefor and paid upon contract some months previous thereto, yet we are of opinion the plaintiff should not be deprived of his remedy in this way. Plaintiff's real cause of complaint is that the opening of this ditch has lowered a lake upon the waters of which his lands fronted, changing what was a thing of beauty and afforded a safe and easy place for watering stock and other conveniences into an unsightly and sickening mud-hole, unsafe and dangerous, and that during the progress of the work he was assured the opening of the ditch would have no such effect. Under such circumstances he did not lose his rights by the delay.

The proceedings must be quashed and held for naught.

The other Justices concurred.