*In re* FITCH DRAIN NO. 129.

1. DRAINS—PETITION—DESCRIPTION OF LANDS OF SIGNERS—COURSE
   OF DRAIN.
     The fact that each signer to petition for the construction of a
       county drain did not describe the land owned by him as be-
       ing in the township *held,* too technical to merit consideration
       on certiorari, where the petition does contain a description
       of the proposed course of the drain in the township.

2. SAME—COUNTY TREASURER'S CERTIFICATE AS TO TAXES.
     Objection that petition for construction of a county drain did
       not have the county treasurer's certificate as to payment of
       taxes and special assessments at time of filing *held,* without
       merit on certiorari, where certificate was dated 2 weeks later
       and county drain commissioner had in his files such a cer-
       tificate dated 3 months earlier showing no unpaid taxes.

3. SAME—PETITIONS—QUALIFICATIONS OF SIGNERS—COUNTY TREAS-
   URER'S CERTIFICATE AS TO TAXES.
     The purpose of having county treasurer's certificate as to pay-
       ment of taxes and special assessments accompany a petition
       for construction of a county drain is to show that those who
       sign the petition are qualified to sign (CLS 1954, § 263.1).

4. SAME—PETITIONS—DATE OF SIGNING—CIRCULATORS' AFFIDAVIT.
     Petition for county drain was not invalid because it purports to
       have been signed by all property owners on or before June 1,
       1953, where only dated signature is of a later date and peti-

REFERENCES FOR POINTS IN HEADNOTES
[1, 4]  17 Am Jur, Drains and Sewers § 38.
[3]  17 Am Jur, Drains and Sewers § 32.
[6, 7]  17 Am Jur, Drains and Sewers §§ 49, 50, 96.
[8]  17 Am Jur, Drains and Sewers § 46.
[8, 11]  17 Am Jur, Drains and Sewers § 45.
[9]  17 Am Jur, Drains and Sewers § 36.
[9, 10]  17 Am Jur, Drains and Sewers § 35.
[12]  17 Am Jur, Drains and Sewers § 49.

tion circulators signed and swore to an affidavit dated June 1, 1953, that the other signatures were made in their presence and were genuine and such were more than the statutory requisite (CLS 1954, § 263.1).

5. SAME—APPOINTMENT OF BOARD OF DETERMINATION FOR COUNTY DRAIN—COUNTY TREASURER'S CERTIFICATE AS TO TAXES.

Objection to petition for county drain that probate court's order appointing a board of determination was made before the filing of the certificate of the county treasurer as to tax status *held*, without merit on certiorari, where such certificate was filed 2 weeks after the petition and county drain commissioner had in his files such a certificate dated 3 months theretofore showing all taxes paid.

6. SAME—CERTIORARI—QUESTIONS REVIEWABLE—TYPE OF DRAIN—DEPRECIATION IN VALUE—DAMAGES.

Fact that petition for county drain requested an open ditch, thus cutting up the land of petitioners and depreciating its value, rather than a tile drain, was not a proper subject for review on certiorari, where question was raised and the drain commissioner and the signers determined that a tile drain was impracticable, the depreciation in value having been considered by the board of commissioners in making their award of damages.

7. SAME—BOARD OF DETERMINATION—FINDING OF NECESSITY.

Record on certiorari in proceedings to construct a county drain *held*, to show that board of determination made a finding of necessity therefor and that it was conducive to public health pursuant to statutory requirement (CLS 1954, § 264.2).

8. SAME—PERSONAL SERVICE OF NOTICE.

Objectors' rights in proceedings to establish county drain *held*, not to have been prejudiced for lack of personal service of notice thereof, where such objectors were wives of men who had been personally served and one of the wives was present at the hearing and other objector was present at home when service was made but the husband frustrated server's efforts (CLS 1954, § 264.8).

9. SAME—POSTING OF NOTICES.

Objection that 1 of 5 posted notices of hearing by board of determination was across separating highway in another township from that in which proposed county drain was to be constructed *held*, a pure technicality and insufficient to invalidate proceedings on certiorari to review action taken; especially where objectors had actual notice and appeared at hearing (CLS 1954, § 264.2).

10. Notice—Object.

The object of a notice is to inform and notify interested parties of the time and place when they may be heard.

11. Same—Waiver—Appearance—Estoppel.

Parties who have actual notice of a hearing and present themselves and are heard thereat waive a strict compliance with statutory requirements as to the manner of giving such notice and are estopped to make objection thereto (CLS 1954, § 254.-2).

12. Drains—Supreme Court.

The Supreme Court is not inclined to reverse proceedings taken under the general drain law except upon a showing of very substantial faults.

13. Same—Technical Questions.

Technical questions respecting notice and adherence to procedures set forth in drain statutes should, whenever possible, be raised and decided before subsequent and expensive steps are taken, so as to permit authorities timely new start, if such be deemed necessary.

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 4, 1956. (Docket No. 19, Calendar No. 46,424.) Decided October 1, 1956.

In the matter of the petition of the Kent County Drain Commissioner in the establishment of Fitch Drain No. 129, the defendants J. Lee Thurston, Mildred E. Thurston, Nettie Dodge and Clinton B. Dodge brought certiorari to review proceedings. Writ quashed and case remanded to probate court for further proceedings. Defendants appeal. Affirmed.

*Varnum, Riddering, Wierengo & Christenson,* for plaintiff.

*Clem H. Block,* for defendants.

Black, J. The background of this case will be found in *In re Fitch Drain No. 129, ante,* 81. The result decision reached on that occasion—that the

appeal of November 12, 1954, should not be dismissed—led to due assignment of the case for determination of merits. We now undertake the latter task.

As noted in the respective opinions released June 4, 1956, Circuit Judge Leonard D. Verdier ruled by written opinion that the writ of certiorari, issued below, should be quashed. All of the material questions raised in the petition for writ of certiorari were fully covered and answered in Judge Verdier's mentioned opinion and we connectedly quote therefrom as follows:

"This case is before the court on the application of J. L. Thurston, Mildred Thurston, C. B. Dodge and Nettie Dodge on a writ of certiorari to review the action of the county drain commissioner, the probate judge, a special commission and the board of determination for the establishment of a county drain in Caledonia township, known as Fitch drain.

"Petitioners claim several defects in the proceedings, which will be dealt with seriatim:

"(a) That the petition for the drain did not have attached proper legal descriptions of the land in the district. The petition contains a description of the proposed course of a drain in Caledonia township. The fact that each signer did not describe the land owned by him as being in Caledonia township is too technical to merit any consideration.

"(b) That the petition when filed did not have the required certificate by the county treasurer as to the payment of taxes and special assessments. It is true that the petition was filed July 14, 1953, and that the certificate of the treasurer was dated July 28, 1953. The purpose of the certificate is to show that those who signed the petition are qualified to sign.[*] The determination to construct the drain was at a much later date when it was known the signers were qualified. Furthermore, the county drain commis-

---

[*] See CLS 1954, § 263.1 (Stat Ann 1952 Rev § 11.17).—REPORTER.

sioner had in his files a certificate as to taxes, dated April 13, 1953, on the same lands, on an earlier petition, showing no unpaid taxes. The objection is therefore without merit.

"(c) That the petition purports to be signed by all property owners on or before June 1, 1953, when the date given on the only dated signature is June 30, 1953. It is true that the signature of the county road commission bears date June 30th and that the signatures of the other petitioners bear no date. However, the circulators of the petition signed and swore to an affidavit dated June 1, 1953, that they had circulated the petition and that the signatures were made in their presence and were the genuine signatures of those whose names were affixed. Conceding that the signature of the road commission was made at a date too late, it is also true that the petition had more signers than required by the statute and that therefore the signature of the road commission was unnecessary.

"(d) That the order of the probate court on July 27th, appointing a board of determination was made before the filing of the certificate of the county treasurer as to the tax status. This objection is disposed of by the remarks under (b).

"(e) That the petition requests an open ditch, thus cutting up the land of petitioners and depreciating its value. The type of drain was determined and is not a proper subject for review by certiorari. The files of the drain commissioner were to be treated as part of the record in the case and they show that both the commissioner and the signers considered the question of using a tile drain and found it impracticable. As to the depreciation in the value of the land, that depreciation must have been considered by the board when they made their award of damages.

"(f) and (g) That at the meeting of the board of determination no notice of the order of necessity was made and that the board did not make a finding that the drain was necessary and conducive to public

health, convenience and welfare. The answer to these objections is simply that they are not true. The record shows that after the petition for a drain was served on the probate judge he appointed 3 freeholders as a board of determination, ordering that it determine the necessity for the drain; that the board met, the petitioners being present with their attorney; that the members of the board walked the entire distance of the proposed drainage route and heard the objections and arguments of those who were for and against the drain; determined necessity by adopting a resolution that the drain was necessary, and then on August 17, 1953, signed an order declaring the necessity, using the exact language of the statute.*

"(h) That notice of hearing was not given as prescribed by the statute. The statute (CLS 1954, § 264.8 [Stat Ann 1952 Rev § 11.33]) requires among other things that the citation to appear issued by the judge of probate shall be personally served 'upon every person whose lands are traversed by the said drain, who has not released the right of way and all damages on account thereof, and who resides on any land to be traversed by said drain, by delivering to him or her a copy thereof.' It is conceded that although all of the other requirements of the statute as to service were complied with, notice of the citation was not personally served on Mildred Thurston nor on Nettie Dodge. The record shows that Mildred Thurston was not served because although in her home at the time service was had on her husband, J. L. Thurston, he frustrated service on his wife, and assured the serving officer that it would not be necessary as he would see to it that she received her copy of the citation. Nettie Dodge, wife of C. B. Dodge, was away from home at the time of attempted service on her but Mr. Dodge accepted a copy of the citation and according to the testimony of Mrs. Dodge herself who was present at the hearing, she received from her husband on November

---

*See CLS 1954, § 264.2 (Stat Ann 1952 Rev § 11.27).—Reporter.

8, 1953, a copy of the notice of the hearing to be held on November 17th, and thus had actual notice. It is therefore plain that these objections as to service are purely technicalities and that the rights of these objectors have not been prejudiced in the slightest degree.

"(i) That the notices required by the statute were not posted in 5 public places in the drainage district.* It is true that while the notice was posted in 4 public places, the fifth notice was posted not in the drainage district but in the right-of-way of the road separating the Caledonia township drainage area from Gaines township and on the Gaines township side of the road. This was not a strict compliance with the statute but the objection is a pure technicality when we stop to consider that the object of a notice is to inform and notify interested parties of the time and place when they may be heard. Not only did the petitioners for this writ have actual notice, but they were present at the meeting of the board and were heard. Did not that amount to a waiver of notice and an estoppel against the objectors as indicated in *Wright* v. *Drain Commissioner,* 44 Mich 557, 559?

"With reference to the objections in subdivisions (h) and (i), it should be said that while there are several early cases which hold that as the proceedings for the establishment of a drain are purely statutory, the provisions of the statute must be complied with; nevertheless, later cases (such as *Doane* v. *Biggs,* 206 Mich 320, 329) state that the Court is 'not inclined to reverse such proceedings except for very substantial faults.' "

We approve the circuit judge's opinion as quoted and refer to the authority cited last therein—*Doane* v. *Biggs,* 206 Mich 320. *Doane,* like *Pere Marquette R. Co.* v. *Ashley,* 221 Mich 104, and *Harneck* v. *Walker,* 227 Mich 655, constructs decision on *Dunning* v. *Drain Commissioner,* 44 Mich 518. In effort to avoid *Dunning's* patently applicable rule, appellants assert

---

* See CLS 1954, § 264.2 (Stat Ann 1952 Rev § 11.27).—REPORTER.

that their appearance in the statutory proceeding below was special and not general and that jurisdiction to proceed so far as they are concerned was not obtained considering the showing made before Judge Verdier.

Since counsel did not proffer record support for his asseveration in such regard, the Court by letter asked for enlightenment. Due replies from all counsel have been received. The letter from appellants' counsel refers us to original records of the Kent county probate court with representation that such records "will contain the special appearance" of himself. We have obtained and examined such probate records, and fail to find therein evidence that appellants did other than enter generally upon a contest of the statutory petition for establishment of the drain in question. They did raise the questions Judge Verdier considered later, but not on special or conditional appearance, and they failed to request adjudication of such questions prior to actual pursuit of and participation in remaining statutory steps. We accordingly hold that the rule of *Dunning* controls decision of this case and, for convenience of the reader, quote *Dunning's* entire opinion as follows:

"COOLEY, J. This is a proceeding instituted to set aside the action of the respondent as township drain commissioner of Essex in Clinton county, and of the jury summoned by him, in laying out a township drain, taking land for the purpose, and assessing the costs. All the errors assigned relate to the finding of the jury and the previous proceedings, and with the exception of those which relate to the giving of notice to the parties concerned and the filing of proof thereof, are somewhat technical. It appears from the return that plaintiff in certiorari had actual notice and took part in the proceedings before and at the time when the jury was struck, and there is no reason to suppose he has been taken by surprise

in any of the proceedings. We are not inclined to reverse such proceedings except for very substantial faults, and the present case, in our opinion, does not call for our intervention.

"The writ of certiorari will be quashed."

We, too, are not inclined to reverse proceedings taken under the general drain law absent showing of very substantial faults. Technical questions respecting notice and adherence to procedures set forth in drain statutes should, whenever possible, be raised and decided before subsequent and expensive steps are taken, thus permitting the authorities timely new start, if such be deemed necessary.

This Court cannot hear, any too well, the technical plaints of those whose opportunity to arrest statutory proceedings, by special motion assigning such plaints, has been waived. *Blissfield Community Schools District* v. *Strech,* 346 Mich 186, is an example of such auricular difficulty. That the petitioners in certiorari below did so waive was properly determined by the circuit judge. We accordingly affirm his judgment, with costs to appellees.

DETHMERS, C. J., and SHARPE, SMITH, KELLY, and CARR, JJ., concurred with BLACK, J.

BOYLES, J., concurred in the result.

EDWARDS, J., took no part in the decision of this case.