QUARDERER v SHIAWASSEE COUNTY DRAIN COMMISSIONER

Docket No. 77-1782. Submitted January 10, 1978, at Lansing.—Decided April 18, 1978.

Complaint by George Quarderer against Fred Baker, Shiawassee County Drain Commissioner, and Glen Beebe, Shiawassee County Treasurer, seeking a declaratory judgment that a drain easement acquired by Shiawassee County across plaintiff's land was void and that all proceedings relating to that drain project were void because the court conducting the condemnation proceedings lacked jurisdiction to grant the easement since notice of the proceedings was improperly served on plaintiff and the drain in question was an inter-county drain which was constructed under the authorization of a statute limited to intra-county drains only. The plaintiff also sought a declaration that a special assessment levied on plaintiff's property was null and void and a return of tax payments made under protest and damages. Thelma Quarderer was allowed to intervene as a party plaintiff. The Shiawassee Circuit Court, Peter J. Marutiak, J., found that the drain was not an inter-county drain and granted summary and accelerated judgment for defendants on grounds that the claim was barred by laches since the plaintiff had waited five years after the drain was begun before he commenced his action. Plaintiff appeals. *Held:*

Legal notice of condemnation proceedings may be served by; (1) personal service, (2) leaving the citation at the residence of all interested persons, or (3) service by registered mail *and* publication in a local paper. Since notice in the condemnation case was not served in accordance with the statute, the doctrine of laches was improperly applied by the trial court in this action. The trial court's finding that the drain was intra-county only, however, was supported by the record.

Reversed in part, affirmed in part, and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 27 Am Jur 2d, Eminent Domain §§ 375–378.
Service of notice: permissible modes of service of notice of eminent domain proceedings. 89 ALR2d 1404.
[2] 27 Am Jur 2d, Eminent Domain § 494.
[3] 27 Am Jur 2d, Eminent Domain §§ 494, 498.

1. NOTICE—STATUTES—EMINENT DOMAIN—METHODS OF SERVICE.

> The statute prescribing the means for legal notice to be served in proceedings for the condemnation of real property provides for three methods of service; (1) personal service on the parties to be affected, (2) leaving the citation at the residence of all interested persons, and (3) service by registered mail *and* publication in a local newspaper (MCLA 280.78; MSA 11.1078).

2. TAXATION—REAL PROPERTY—SPECIAL ASSESSMENTS—EQUITY—IRREGULAR PROCEEDINGS—CLEAN HANDS.

> An owner of property may not sit by while improvements are being made to his property by a public authority under statutory authorization, where he knows that the only method of compensating those who perform the labor is by an assessment for benefits, and then seek redress in an equity court for irregularities in the proceedings after the benefits have been reaped.

3. EMINENT DOMAIN—DEFENSES—LACHES—NOTICE.

> The doctrine of laches is not applicable against a plaintiff contesting a right of way across his land gained through condemnation proceedings where the plaintiff has properly raised a claim that the condemnation proceedings are void because of insufficient service of notice.

*Robert A. Folen,* for plaintiff.

*Chester C. Pierce (Miller, Canfield, Paddock & Stone,* by *Charles L. Burleigh, Jr.,* of counsel), for defendants.

Before: BRONSON, P. J., and R. B. BURNS and R. E. A. BOYLE,\* JJ.

BRONSON, P. J. Plaintiff George Quarderer filed a complaint on April 30, 1974,[1] seeking to have all proceedings of defendant drain commissioner relating to the North Creek-Orser Drain declared illegal and void. The complaint also sought a declaration that an easement acquired by defendant drain commissioner and a special assessment levied on

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

[1] An "amended complaint" was filed on July 11, 1974.

plaintiff's property were null and void. Plaintiff further asked for a return of tax payments made under protest and for damages.

Plaintiff is the owner of an undivided interest in a farm in Shiawassee County. From 1969 to 1972, the sole resident of the farm was plaintiff's brother, Alphonse Quarderer.

Early in 1969, the Shiawassee County Drain Commissioner filed petitions for the improvement of the North Creek-Orser Drain. A citation inviting owners of affected lands to appear was served by leaving a copy at the residence of Alphonse Quarderer and by publication in a local paper. On July 30, 1969, an appearance by counsel for "Alphonse Quarderer, a single man, *et al.,* by their attorney * * * " was filed. The drain work was authorized on April 28, 1970. Construction began on July 2, 1970, and was completed on June 23, 1971.

Plaintiff claims that he had no actual knowledge of the drain project until May 7, 1971, when he observed construction on the land.

The property was assessed in 1971, 1972 and 1973; plaintiff made no payments until 1974, when the 1971 assessment was paid under protest.

The trial court held, upon defendants' motion for "accelerated and summary" judgment, that plaintiff's action was barred by laches.

Initially, we note that laches is not a proper ground for accelerated judgment; it is not one of the grounds enumerated in GCR 1963, 116.1(5). See *Stewart v Troutt,* 73 Mich App 378; 251 NW2d 594 (1977). But, see *Sharp v Two Point Associates, Ltd,* 78 Mich App 180; 259 NW2d 416 (1977). In the case at bar, however, we discern no prejudice to the parties from the hybrid motion for "summary and accelerated" judgment or the mislabel-

ing of the judgment. See *Birch Run Nursery v Jemal,* 52 Mich App 23; 216 NW2d 488 (1974), *rev'd on other grounds,* 393 Mich 775; 224 NW2d 282 (1974).

Plaintiff's pleadings appear to raise two main allegations. First, plaintiff contests the condemnation proceedings in probate court in which the county acquired an easement over the property in question, for which plaintiff was awarded $725, on the basis of a conflict of interest of a special commissioner[2] and a lack of notice of those proceedings. As relief for this first allegation, plaintiff asks that the condemnation proceedings and easement be declared null and void and also asks for damages for trespass. Plaintiff's second allegation concerns the jurisdiction of the drain commissioner *ab initio;* the relief requested is that *all* drain proceedings in this case be declared null and void and that the resulting tax assessment also be declared void.

The trial court held that all claims advanced by plaintiff were barred by laches. We will address plaintiff's claims separately.

## The Condemnation Proceedings.

Plaintiff contends that the condemnation proceedings for acquisition of a right of way across his land were invalid and void because of insufficient service of notice of those proceedings. MCLA 280.78; MSA 11.1078 provides:

"(1) All citations, notices and orders relative to con-

---

[2] Plaintiff alleged that a special commissioner who participated in the condemnation proceedings had previously appraised plaintiff's property and that the condemnation award was improperly influenced by the prior appraisal. In view of our disposition of the notice claim, we need not address this issue here.

demnation proceedings, unless otherwise provided, shall be served as follows:

"(a) Personally; or

"(b) By leaving a copy at the residence of the person or persons interested; or

"(c) By mailing a copy thereof by registered mail at the last known post office address of each person or persons, so far as is known; and

"(d) By publication in some newspaper printed or circulated in the county in which such lands are located at least 7 days prior to the date of hearing.

"(2) Nonresidents of the county may be served in any of the above methods."

Although this statute is somewhat ambiguous, we view it as providing for three methods of service: (1) personal service, (2) leaving the citation at the residence of all interested persons, or (3) service by registered mail, *and* publication in a local paper. Our interpretation is based on two factors. First, the prior statute on notice required both mailing and publication, if the address of a nonresident landowner could be reasonably ascertained. Second, if such address could be ascertained, notice by publication alone would be constitutionally insufficient. *Walker v City of Hutchinson*, 352 US 112; 77 S Ct 200; 1 L Ed 2d 178 (1956), cited in *International Salt Co v Wayne County Drain Commissioner*, 367 Mich 160, 168; 116 NW2d 328 (1962).

The notice given in the case at bar did not comply with MCLA 280.78; MSA 11.1078.[3] As the condemnation proceedings may be void for lack of

[3] The method of service actually used in this case was not disputed; the parties agree that the citation was delivered to the residence of Alphonse Quarderer and published in a local newspaper. There apparently is also no dispute that the addresses of plaintiff and intervenors were known.

As the notice given did not comply with statutory requirements, we need not address the constitutional issue advanced by plaintiff.

notice to plaintiff,[4] *Walker v City of Hutchinson, supra,* the doctrine of laches relied on by the trial court does not apply. See *Village of Oak Park v Van Wagoner,* 271 Mich 450; 260 NW 743 (1935).[5] See also *In re Petition of Auditor General,* 332 Mich 77; 50 NW2d 721 (1952). Thus, accelerated (or summary) judgment on plaintiff's claims relating to the easement acquired in the condemnation proceedings and the allegation of trespass should not have been granted on the basis of laches.

## *The Drain Proceedings in General and the Tax Assessment.*

Plaintiff also alleges a lack of jurisdiction in the case at bar, asserting that the North Creek-Orster Drain is an inter-county drain and that the drain commissioner erroneously proceeded under § 191 of the Drain Code,[6] relating solely to intra-county drains. Accelerated judgment on the basis of laches is generally improper where a plaintiff

[4] We express no opinion on whether plaintiff had actual notice of the proceedings before May, 1971, an issue apparently not resolved by the trial court and which was disputed by the parties. *See In re Fitch Drain No 129,* 346 Mich 639; 78 NW2d 600 (1956).

[5] The Court in *Village of Oak Park* distinguished cases in which laches was held to bar actions based on nonjurisdictional defects in drain proceedings:

" 'The rule is well settled in this and other jurisdictions, that where the owner of property sits by while improvements are being made under statutory authority, knowing that the only method of compensating those who perform the labor is by an assessment for benefits, cannot, after the benefits have been reaped, resort to a court of equity for redress for irregularities in the proceedings. *Harwood v. Huntoon, Drain Commissioner,* 51 Mich. 639; *Hall v. Slaybaugh,* 69 Mich. 484; *Moore v. McIntyre,* 110 Mich. 237; *Township of Walker v. Thomas,* 123 Mich. 290; *Township of Swan Creek v. Brown,* 130 Mich. 382; *Watson v. Fox, supra.*

" 'A different rule applies, however, where the proceedings are void, because then a jurisdictional question is involved, which may be raised at any state of the proceedings.' " 271 Mich at 455.

[6] MCLA 280.191; MSA 11.1191. MCLA 280.192; MSA 11.1192 relates to inter-county drains.

claims a lack of jurisdiction in a drain proceeding. See *Village of Oak Park v Van Wagoner, supra.* However, the legal description of the drain which was part of the record below discloses that the drain does not traverse land in more than one county. Thus, the drain commissioner correctly proceeded under MCLA 280.191; MSA 11.1191 in the case at bar. As there was no jurisdictional defect in this regard, the trial court was not foreclosed from dismissing the claim relating to the validity of the proceedings in general and the tax assessment on the basis of laches. See *Village of Oak Park v Van Wagoner, supra.*

We review this case, as we do all equity cases, *de novo,* but we will not reverse or modify a trial court's order unless we are convinced that we would have reached a different result had we been in the position of the trial court. See, *e.g., Ford v Howard,* 59 Mich App 548; 229 NW2d 841 (1975). In the case at bar, as we are not convinced that we would have reached a different result, we affirm the trial court's order dismissing plaintiff's claims relating to the validity of the tax assessment and all proceedings other than the condemnation action.

In sum, we reverse this case only as to those claims relating to the validity of the condemnation proceedings; the other aspects of the trial court's order are affirmed. We need not discuss plaintiff's issue concerning Thelma Quarderer and Mary Ross, as orders allowing them to intervene and file complaints have been entered below.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion. No costs, neither party having prevailed in full.