*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PORTER TOWNSHIP and MARCELLUS
TOWNSHIP,

        Plaintiffs-Appellants,

v

VAN CASS INTERCOUNTY DRAIN DRAINAGE
BOARD,

        Defendant-Appellee.

UNPUBLISHED
October 27, 2022

No. 358202
Van Buren Circuit Court
LC No. 2020-070671-CZ

Before: SHAPIRO, P.J., and GADOLA and YATES, JJ.

PER CURIAM.

Plaintiffs Porter Township and Marcellus Township appeal as of right the circuit court's order granting defendant Drainage Board's motion for summary disposition and affirming the order of necessity. For the reasons stated in this opinion, we affirm.

## I. BACKGROUND

The Van Cass Intercounty Drain is located in Porter Township and Marcellus Township. In May 2019, a petition was filed requesting that the drain be connected to Bankson Lake in Porter Township to alleviate flooding issues. The Drainage Board held a hearing in August 2019 to determine the practicability of the proposed drain project. After hearing public comment, the Board passed a motion finding that the proposed project was practicable. The Board then hired an engineering firm to complete a preliminary report on the project.

In December 2020, the Board held a hearing of necessity.[1] Both plaintiffs received proper notice of this hearing and were in attendance. The engineering report was presented at the hearing,

---

[1] A prior necessity hearing was held in June 2020. Porter Township appealed the Board's order of necessity entered after that hearing, claiming that it did not receive notice of the June hearing.

-1-

and the Board again heard public comments for and against the project. Porter Township's supervisor and an attorney for the Townships also spoke against the project and asked the Board to determine that it was not necessary at this time. The Board disagreed, however, and at the conclusion of the hearing determined that the proposed drain project was necessary and conducive to the public health, convenience, or welfare.

Plaintiffs appealed the Board's necessity determination to the circuit court pursuant to MCL 280.122a. The parties then stipulated to plaintiffs filing an amended pleading raising procedural challenges to the drain proceedings under MCL 280.161. The Board moved for summary disposition of all claims, and the circuit court issued an opinion and order granting the motion. The court concluded that the Board's necessity determination was supported by sufficient evidence and that all of the alleged procedural errors were either harmless or without merit.

In this appeal, plaintiffs pursue only their claim that the drain proceedings should be voided because Marcellus Township did not receive the required statutory notice of the August 2019 practicability hearing. With respect to this claim, the circuit court determined that plaintiffs waived their right to contest any notice defect regarding the August 2019 practicability hearing when they appeared at the December 2020 necessity hearing and did not raise an objection to moving forward with those proceedings. The court also concluded that summary disposition was warranted because plaintiffs were not prejudiced by any lack of notice. The court reasoned that the arguments against the project that plaintiffs were now making did not relate to whether the project was practicable, but instead to whether the project was necessary for the public welfare. The court therefore determined that none of plaintiffs' arguments would have impacted the Board's determination that the project was practicable. For these reasons, the court granted the Board summary disposition of this claim under MCR 2.116(C)(10).

## II. DISCUSSION

Plaintiffs argue that the Board's failure to comply with the statutory notice requirement was a jurisdictional defect that renders the drain proceedings void. We disagree.[2]

Drain proceedings are governed by the Drain Code of 1956, MCL 280.1 *et seq*. Relevant to this appeal, a drainage board is required to give notice of meetings in the following manner:

---

In December 2020, the circuit court entered a stipulated order setting aside the June 2020 order of necessity and instructing the Board to hold a new hearing.

[2] We review de novo a trial court's decision regarding a motion for summary disposition. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Summary disposition is appropriate under MCR 2.116(C)(10) when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10). We also review de novo questions of statutory interpretation, *Home-Owners Ins Co v Perkins*, 328 Mich App 570, 578; 939 NW2d 705 (2019), and questions of law such as the existence of jurisdiction, *Adams v Adams*, 276 Mich App 704, 708-709; 742 NW2d 399 (2007).

(4) Not less than 10 days before the meeting, the drainage board shall give notice of the time, date, and place of the meeting by all of the following means:

* * *

(b) Service, personally or by certified mail, on the county clerk and a member of the board of county road commissioners of each county and the supervisor of each township and clerk of each city and village in the drainage district. [MCL 280.122(4)(b).]

There is no dispute that Marcellus Township did not receive notice of the practicability hearing as required by MCL 280.122(4)(b). However, our review of the pertinent caselaw does not reveal support for plaintiffs' contention that the Board's failure to comply with the notice provision necessarily renders the subsequent proceedings void.

Plaintiffs are correct that the Supreme Court has referred to notice in drain proceedings as a "jurisdictional requirement." See *Watson v Fox*, 251 Mich 495, 499; 232 NW 213 (1930). The Court has also held, however, that a drainage board acquires jurisdiction by the filing of a proper petition and that its jurisdiction is unaffected by any subsequent procedural error. In *Petition of Boyd*, 332 Mich 553, 557; 52 NW2d 316 (1952), it was argued that the drainage board's failure to file proofs of service of certain meetings was a jurisdictional defect. The Supreme Court disagreed, explaining:

The drainage board acquired jurisdiction by a proper petition. No question is made of the sufficiency of the petition. Failure to file the proof of service as to some of the persons on whom service must be made did not deprive the board of jurisdiction. In *Hall v Slaybaugh*, [69 Mich 484, 486; 37 NW 545 (1888)], we say: 'It is the petition, in this class of cases, which gives the commissioner jurisdiction, and, if that is sufficient, the other proceedings after that, if not in accordance with the statutes, become irregularities of more or less importance according to the extent of the injury resulting therefrom'. [*Petition of Boyd*, 332 Mich at 557.]

Further, the Court has recently reaffirmed that it is "not inclined to reverse [drain] proceedings . . . absent [a] showing of very substantial faults." *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 278; 831 NW2d 204 (2013), quoting *In re Fitch Drain No 129*, 346 Mich 639, 647; 78 NW2d 600 (1956) (alterations by *Elba Twp*). See also MCL 280.161 ("[I]f any *material* defect be found in the proceedings for establishing the drain, such proceedings shall be set aside.") (emphasis added). The Court has declined to disturb the drain proceedings when, although there was not strict compliance with the notice requirements, actual notice was provided. See *In re Fitch Drain No 129*, 346 Mich at 644-645. In these circumstances, there is no prejudice to the complaining party. See *id*. at 645.[3]

---

[3] Plaintiffs also cite published opinions from this Court, but they offer no guidance. In *Quarderer v Shiawassee Co Drain Comm'r*, 82 Mich App 692; 267 NW2d 151 (1978), the plaintiff was not

For these reasons, we disagree with plaintiffs that the notice deficiency in this case stripped the Board of its jurisdiction. Instead, we must determine whether the Board's failure to comply with MCL 280.122(4)(b) was a "substantial fault[]" requiring reversal. *Elba Twp*, 493 Mich at 278; *In re Fitch Drain No 129*, 346 Mich at 647.

The parties disagree whether Marcellus Township received actual notice of the practicability hearing in the form of an e-mail, and they presented conflicting evidence in that regard to the circuit court. Based on the record before us, there is a genuine dispute whether Marcellus Township received actual notice of the practicability hearing. However, for the reasons discussed below, we conclude that summary disposition was nonetheless appropriate because plaintiffs have not established that Marcellus Township suffered prejudice from any lack of notice of the practicability hearing when it had proper notice of the subsequent necessity hearing, at which the Township had the opportunity to set forth all the grounds on which it objected to extension of the drain.

The parties do not dispute the applicability of MCL 280.103, which pertains to practicability hearings and provides the drainage board shall "[d]etermine the sufficiency of the signatures on the application," "[c]onsider the route and type of construction of the proposed drain," and "[t]ake testimony to determine the practicability of the proposed drain." MCL 280.103(1)(a), (b), and (c). See also *Maple Grove Twp v Misteguay Creek Intercounty Drain Bd*, 298 Mich App 200, 214; 828 NW2d 459 (2012) ("[T]he purposes of a practicability hearing are to determine the sufficiency of the signatures on an application and to determine whether a proposed drainage project is practicable."). MCL 280.103(3) provides that

> [i]f the proposed drain is determined to be practicable, then the drainage board shall cause a survey to be made by a licensed professional surveyor or engineer to ascertain the area that would be benefited by the proposed drain and the route and type of construction of drain or drains most serviceable for that purpose.

If the drainage board determines that a proposed drain is practicable, it then holds a necessity hearing, at which it must consider the petition and evidence and determine whether the proposed project is necessary for the public health, convenience, or welfare. MCL 280.122(7).

---

given the required statutory notice of condemnation proceeding in which the drain commissioner acquired an easement over the plaintiff's land. We merely reversed the grant of summary disposition against the plaintiff "[a]s the condemnation proceedings may be void for lack of notice to plaintiff," citing *Walker v City of Hutchinson*, 352 US 122; 77 S Ct 200; 1 L Ed 2d 178 (1956). *Quarderer*, 82 Mich App at 696-697. And in *Bennington Twp v Maple River Inter-Co Drain Bd*, 149 Mich App 579; 386 NW2d 599 (1986), we expressly declined to address the plaintiff's argument that a violation of MCL 280.122 deprived the drainage board of jurisdiction. *Id*. at 587 n 5.

In this case, the circuit court determined that Marcellus Township was not prejudiced by the Board's failure to provide the required statutory notice of the practicability hearing. The court reasoned that plaintiffs' challenges to the project did not relate to whether the project was "practicable" under the following definition: "capable of being put into practice or of being done or accomplished: FEASIBLE." *Merriam-Webster's Collegiate Dictionary* (11th ed). The court instead concluded that all plaintiffs' arguments were relevant to whether the proposed drain was necessary for the public welfare. And both plaintiffs attended the necessity hearing and had an opportunity to make the arguments against the project that they raised on appeal to the circuit court.[4]

We see no error in the circuit court's ruling. In their brief on appeal, plaintiffs identify the issues and evidence that Marcellus Township allegedly would have presented at the practicability hearing had it been notified of the hearing. Plaintiffs allege that, if given notice of the practicability hearing, Marcellus Township would have presented evidence related to: (1) the cost of the drain and the impact of that cost on plaintiffs; (2) the impact the drain would have on surrounding environmental areas and a railroad crossing; and (3) alternative solutions and a decrease in the flooding that made the proposed drain unnecessary.

To begin, this Court has held that the cost of the drain project is outside the scope of a practicability hearing. See *Maple Grove Twp*, 298 Mich App at 215. In *Maple Grove Twp*, the plaintiff argued that a second practicability hearing was required because the size and cost of the proposed project had increased since the first practicability hearing. *Id*. This Court rejected that argument, explaining that "the scope of a proposed drainage project, including the area encompassed in the drainage district and the cost of the project, is not determined until a surveyor or engineer conducts a survey after the Drain Board determines at a practicability hearing that a proposed project is practicable." *Id*. (emphasis removed). In other words, the cost of the project has no bearing on the drainage board's practicability determination because at that time, the cost has yet to be determined. Accordingly, in this case, plaintiffs were not prejudiced by not being able to present arguments at the practicability hearing regarding the cost of the project and the impact of the shared cost on plaintiffs, especially when these concerns were presented at the necessity hearing.

---

[4] As noted, the circuit court also determined that plaintiffs waived their right to contest any notice defect regarding the practicability hearing when they appeared at the December 21, 2020 necessity hearing and did not raise an objection to moving forward with those proceedings. There is Supreme Court caselaw supporting the conclusion that known procedural errors must be raised before the drainage board at a time when the board has an opportunity to address the defect. See e.g., *In re Fitch Drain No 129*, 346 Mich at 647 ("Technical questions respecting notice and adherence to procedures set forth in drain statutes should whenever possible be raised and decided before subsequent and expensive steps are taken, thus permitting the authorities timely new start if such be deemed necessary."). However, given our ruling that the notice defect in this case does not constitute a substantial fault requiring reversal, we need not address whether plaintiffs waived this issue by failing to raise it before the Board.

Plaintiffs also argue that Marcellus Township was prevented from presenting an environmental impact study at the practicability hearing regarding the impact the drain would have on the surrounding area. Plaintiffs do not explain what information such a study would contain and how it would have impacted the Board's practicability determination. Moreover, as the circuit court determined, environmental concerns more readily relate to whether the project is necessary and conducive to the public health, convenience, or welfare, MCL 280.122(7), as opposed to the project's practicability. As noted, at the practicability stage, the scope of the drain and the actual design has not been established. See *Maple Grove Twp*, 298 Mich App at 215. To the extent that the proposed drain will have any impact on surrounding areas or allow the proliferation of invasive species, plaintiffs have not alleged any facts that would have impacted the Board's practicability determination, and they have not established that the practicability hearing is the proper venue for these concerns. Indeed, plaintiffs could have raised these issues at the necessity hearing.

Lastly, plaintiffs argue that Marcellus Township would have presented evidence that the flooding was no longer a problem or that alternative solutions existed. But, again, these issues fall squarely within the purview of a necessity hearing, which addresses whether the proposed drain is necessary for the public health, convenience, or welfare. MCL 280.122(7). If the flooding no longer exists, or there are alternative solutions that are preferable to the proposed drain, then that is a determination that the Board would make at the necessity hearing. Plaintiffs had ample opportunity to present evidence at the December 2020 necessity hearing, and the Board was made well aware of the argument that the flooding issues had, at least temporarily, abated.

In sum, the arguments or potential evidence identified by plaintiffs are not relevant to the issue of practicability and would not have provided any opposition to the project's practicability. Because plaintiffs fail to explain how Marcellus Township was prejudiced by not receiving the required statutory notice of the practicability hearing, we conclude that the Board's failure to provide proper notice was not a substantial fault in the proceedings.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael F. Gadola
/s/ Christopher P. Yates

-6-